STATE *vs.* JOSEPH GARNETTO.

FEBRUARY 4, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. The defendant in this proceeding was duly sentenced by a justice of the superior court to imprisonment in the state prison. Thereafter he filed a motion in that court asking to be released from such imprisonment. The motion was denied by a justice thereof and the case is before us on defendant's single exception to that ruling.

The record before us reveals the following undisputed facts. On September 8, 1942 the defendant, who was then being held for the action of the grand jury upon a complaint and warrant charging him with assault with a dangerous weapon, appeared before the superior court on his own petition, filed under general laws 1938, chapter 625, §73, as amended, and by leave of the court waived indictment. He was thereupon arraigned on the above charge, pleaded *nolo contendere,* sentence was deferred by the court, and he was released from custody after giving his personal recognizance. It is provided by §73 that if a defendant has so pleaded "all proceedings shall be taken and had in the same manner as would have been the case had such pleas been entered to an indictment regularly found and filed." When the defendant was before the superior court he also signed an agreement which was in the following terms: "It is hereby agreed that sentence may be deferred on the above entitled indictment,—upon payment of all costs, during the good behavior of the defendant, and so long as the Attorney General is satisfied that the defendant has broken none of the criminal laws of this State, since the date of this agreement."

On September 28, 1946 the defendant was arrested on a complaint and warrant charging him with rape. He was arraigned before a district court on such charge and was bound over to await the action of the grand jury. On October 17, 1946 on motion of the state he was brought before the superior court on a capias issued October 16,

1946. That court was informed by an assistant attorney general that by reason of defendant's conduct in connection with the charge of rape he had violated the terms of the deferred sentence previously given him on the charge of assault with a dangerous weapon, and the court thereupon sentenced him on the last-named charge to six years in state prison where he is now confined. When the charge of rape was presented to the grand jury it failed to return a true bill against him.

Public laws 1948, chapter 2085, became effective April 30, 1948, on its approval by the governor. The first section of that act reads as follows: "Whenever any person shall have been sentenced to imprisonment for violation of a deferred sentence by reason of the alleged commission of a felony, and the grand jury shall have failed to return any indictment on the charge which was specifically alleged to have constituted the violation of said deferred sentence, the sentence to imprisonment for the alleged violation of the deferred sentence shall, on motion made to the court on behalf of the person so sentenced, be quashed and imprisonment thereunder shall be terminated forthwith and the deferred sentence shall have same force and effect as if no sentence to imprisonment had been imposed thereunder."

Relying on the above-quoted section of said act the defendant on May 3, 1948 filed a motion in the superior court that his sentence to imprisonment for six years in said prison be quashed and that he be freed therefrom. The correctness of the ruling of the justice of the superior court in denying such motion is the issue raised by the defendant's exception. At the hearing on defendant's motion in the superior court the state contended, and renews its contention before us, that the above act is unconstitutional in that it is repugnant to and in violation of art. III, art. VII, secs. 4, 12, and art. X, section 1, of the constitution of this state, and also art. II of the amendments thereto. On the other hand the defendant argues, first, that the constitutional question is not before this court because it was not properly raised

on the record in this proceeding; and, second, that in any event the act is valid and constitutional and that he comes within its terms.

Article III of the constitution of this state reads as follows: "The powers of the government shall be distributed into three departments: the legislative, executive and judicial." Article X, section 1, of such constitution provides: "The judicial power of this state shall be vested in one supreme court, and in such inferior courts as the general assembly may, from time to time, ordain and establish." We do not deem it necessary to quote the other constitutional provisions referred to which in general relate to the pardoning power of the governor and to certain powers and duties of the attorney general.

Upon consideration we are of the opinion that the defendant takes nothing by his contention that the constitutional question is not properly raised and is not before us for decision. The case was in the superior court on his motion that the sentence of imprisonment be quashed and that he be released. As the basis for that motion he relied on the provisions of section 1, chap. 2085, P. L. 1948, *supra.* While the state, in contesting the motion, might have raised the question of the constitutionality of the statute by some formal pleading on the record, none is required by law and it has ordinarily been the practice merely to appear in court at the time such a motion is in order for hearing and interpose orally whatever objection or defense is to be made. That was done in this instance by the state which then raised the question of unconstitutionality of the statute and specified the portions of the state constitution involved. The transcript shows that defendant made no objection to the form of presentation and that the point was fully argued in the superior court on portions of two court days and was then held for decision. The justice later filed a rescript deciding that the statute was unconstitutional and gave the reasons for his decision. In all the circumstances we find that the ques-

tion of the unconstitutionality of the act was sufficiently raised on the record.

In support of its contention that chap. 2085 is unconstitutional and void the state argues that it amounts to an exercise of judicial power prohibited to the general assembly by art. III and art. X, section 1, of the constitution of this state. It has unquestionably been the established law here for many years that the general assembly cannot under our constitution rightfully exercise judicial power. That power is conferred only upon the courts and is necessarily prohibited to the general assembly. *Opinion of the Justices*, 3 R. I. 299; *Taylor & Co.* v. *Place*, 4 R. I. 324. The subject is carefully and exhaustively discussed in those opinions and it is not necessary at this time to refer to them in detail. The defendant, as we understand it, does not question that principle of law. He does, however, urge that chap. 2085 is not an exercise of judicial power by the legislative branch of the state government and that therefore the above well-recognized principle has no application in the present instance.

The defendant cites several cases, among them the following, as confirming the position taken by him that the superior court erred in ruling that the statute in question is unconstitutional and void as an exercise of judicial power. *Opinion of the Justices, supra; In the Matter of Nichols,* 8 R. I. 50; *State* v. *Dexter,* 10 R. I. 341; *Penniman, Petitioner,* 11 R. I. 333. We have examined these authorities and are of the opinion that they are of no aid to the defendant.

He concedes that in the *Opinion of the Justices, supra,* it was stated that an act of the general assembly which purported to reverse and annul a certain judgment of the supreme court was unconstitutional and void, being an exercise by the general assembly of judicial power which under the constitution was conferred exclusively upon the judicial department of the state government. The defendant also does not dispute that thereafter in the litigated case

of *Taylor & Co.* v. *Place, supra,* the court, in passing upon an act of the general assembly which attempted to control the judgment of a court, applied the same principle of law and reached the same result on this point, after a full discussion of the subject, as did the justices in giving their previous opinion.

The defendant, however, argues that the act now before us for consideration, chap. 2085, relates only to the quashing of the sentence of imprisonment and not to the annulling of the judgment of the court in the criminal proceeding involved; that there is a distinction between a sentence and a judgment; and that the opinions just referred to were based specifically upon the lack of power of the general assembly to control a judgment of a court, whereas the question here relates to annulling or commuting a sentence, which is not the exercise of judicial power.

It is our opinion that the imposition of a sentence by the court in a criminal case is clearly an exercise of judicial power. Broadly speaking such sentencing is the final and conclusive judgment of the court in the case. So considered we see no material distinction between judgment and sentence. The terms may often be used more or less interchangeably. In *State* v. *Lynch,* 28 R. I. 463, the court construed a section of the Court and Practice Act of 1905 relating to the right to file petitions for relief in certain circumstances in a criminal case, and at page 464 stated: "The word *judgment* was clearly used here in its broad sense which includes a sentence as well as the final decision of the court in a civil case." In *Taylor & Co.* v. *Place, supra,* it appears that on page 362 of the opinion the court in referring to the *Opinion of the Justices, supra,* used the term "sentence" as being synonymous in the circumstances with "judgment." See also *Commonwealth* v. *Lockwood,* 109 Mass. 323, at page 325, where the court made the following statement: "The ordinary legal meaning of 'conviction,' when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession

of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt; while 'judgment' or 'sentence' is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained."

The defendant, however, maintains that the following language in the *Opinion of the Justices, supra,* at page 302, gives support to his contention: "The fact that the State is a party to a judgment does not confer upon the General Assembly any judicial power over it. As party they may have the same power over a judgment that any other party has. They may remit a penalty, commute punishment, or pardon. They may release a judgment in a civil suit, or acknowledge satisfaction. *But this gives no power to reverse the judgment.* It is simply a power to release or surrender the right which the judgment gives or decides to be theirs." (italics ours)

We cannot agree that the above quotation indicates that the justices were of the opinion that the general assembly could lawfully exercise control over a sentence, which had been duly imposed by a court in a criminal proceeding, by an act compelling that court to quash such sentence and forthwith release from imprisonment the person who was being held thereunder. In 1854, when the opinion in question was given, the general assembly had broad powers and exercised them even to granting pardons. Nevertheless it was the opinion of the justices that while the general assembly by passage of an act had the power to remit a penalty or commute punishment by direct reference to the person or persons intended to be so benefited, yet it had no power merely by the provisions of an act to reverse the judgment of a court or to require any court to quash or annul its judgment or in any way to alter its records. In our opinion the passage of a mandatory act directing and compelling a court to quash a sentence previously imposed would amount in effect to a reversal of the court's pro-

nounced judgment. Such an act would be an indirect exercise of judicial power by the general assembly over the judgment and records of the court. Therefore we cannot agree with the defendant's above-mentioned contention.

We deem it necessary to refer only briefly to the other authorities called to our attention by the defendant. The act under consideration by the court in *In the Matter of Nichols, supra,* permitted a tort debtor committed to jail on execution to take the poor debtor's oath. The act did not disturb or vacate the judgment or the execution and did not compel the oath to be administered, but merely conferred jurisdiction on certain judges to do so in the exercise of their judicial discretion. *In State* v. *Dexter, supra,* no judgment of any court had been entered. The act in question authorized an appeal to be taken out of time from a decree of a town council establishing and laying out a highway. *Penniman, Petitioner, supra,* apparently has no bearing on the issue before us. Neither a sentence of a court nor the exercise of judicial power by the general assembly was involved, the petitioner having been committed to jail for want of goods, chattels, or real estate to satisfy an execution. In that case the act, which permitted the petitioner to be released, was held valid as merely affecting a creditor's remedy without impairing the obligation of his contract.

It is clear that P. L. 1948, chap. 2085, makes it mandatory that the court grant a motion to quash the sentence of a person duly imprisoned and terminate his imprisonment. By the terms of that chapter the superior court is expressly directed to act upon a judgment only in a specified manner, and it is given no opportunity to exercise its own judicial discretion or power in that respect. In our opinion the case now before us is governed by the general principles of law which are laid down in the *Opinion of the Justices, supra,* and in *Taylor & Co.* v. *Place, supra.* We hold, therefore, that chap. 2085 is an indirect exercise of judicial power by the general assembly and is unconstitutional and void

in that it is repugnant to the provisions of art. III and of art. X, section 1, of the constitution of this state.

In reaching this conclusion we have not overlooked the principles of law applicable in cases of this kind. See *Gorham* v. *Robinson*, 57 R. I. 1. Broadly speaking, such requirements are that this court will make every reasonable intendment in favor of the constitutionality of a legislative act, and so far as any presumption exists it is in favor of so holding. Further the party raising the question of the unconstitutionality of a statute has the burden of proving that fact beyond a reasonable doubt. *Prata Undertaking Co.* v. *Board of Embalming and Funeral Directing*, 55 R. I. 454, 461, and cases cited. In the circumstances we entertain no reasonable doubt of the unconstitutionality of P. L. 1948, chap. 2085.

The defendant's exception is overruled, and the case is remitted to the superior court for further proceedings.

*John H. Nolan*, Atty. Gen., *Archie Smith*, Ass't Atty. Gen., for State.

*Sidney L. Rabinowitz*, for defendant.