272 A.2d 680.

STATE *vs.* FREDERICK A. TAYLOR.

JANUARY 19, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is an appeal from the denial of an application filed by the defendant pursuant to the provisions of G. L. 1956 (1969 Reenactment) §12-19-2.[1]

The defendant was apprehended on December 25, 1963, and subsequently indicted for murder. On June 15, 1964, he pleaded guilty to second degree murder,[2] and on June 26, 1964, a justice of the Superior Court, since deceased, sentenced him to the Adult Correctional Institutions for a term of 25 years. It is undisputed that defendant was confined from the date of his apprehension to the date of his sentence, being held without bail during that time while awaiting trial and sentencing.

At the January 1968 session of the General Assembly,

---

[1]Section 12-19-2, as amended by P. L. 1968, chap. 125, sec. 1, became effective on May 22, 1968. It reads as follows:

"Whenever it is provided that any offense shall be punished by a fine or imprisonment, the court imposing such punishment may, in its discretion, select the kind of punishment to be imposed, and if such punishment be fine or imprisonment, the amount or term of the same within the limits prescribed by law, provided, however, if the punishment to be imposed is imprisonment, such sentence or sentences imposed shall be reduced by the number of days spent in confinement while awaiting trial and while awaiting sentencing, and provided, further, however, that in the case of a person sentenced to a life sentence, the time at which he shall become eligible to apply for parole shall be reduced by the number of days so spent in confinement while awaiting trial and while awaiting sentencing; and any sentence or sentences in effect at present, including the provision as to a life sentence as heretofore described may be reduced in a like manner by the court which imposed such sentence upon application by the person serving such sentence to the said court."

[2]Under G. L. 1956 (1969 Reenactment) §11-23-2, the penalty for second degree murder is imprisonment for not less than 10 years and maximum of life imprisonment.

the Legislature amended G. L. 1956, §12-19-2, by providing for the reduction of sentences by the amount of pretrial and presentence incarceration. With regard to sentences not yet imposed the act provides that

> " * * * if the punishment to be imposed is imprisonment, such sentence or sentences imposed shall be reduced by the number of days spent in confinement while awaiting trial and while awaiting sentencing * * *."

The Legislature also made provision for cases where the sentence or sentences were in effect at the time the act became effective. The latter portion of the act, that which is involved in this case, reads as follows:

> " * * * and any sentence or sentences in effect at present * * * may be reduced in a like manner by the court which imposed such sentence upon application by the person serving such sentence to the said court."

In September 1969, pursuant to the provisions of the amended statute, defendant filed a motion in the Superior Court requesting credit on his sentence for the time spent awaiting trial and sentencing. The motion was heard by a justice of the Superior Court. After hearing arguments of counsel and statements from defendant himself, the trial justice denied defendant's motion and made an express finding of fact that the sentencing justice "* * * took into account the waiting trial time as well as the youth of the defendant when he imposed sentence * * *." As previously noted, the cause is before us on defendant's exception to such denial.

The only portion of §12-19-2, involved in this proceeding is that part dealing with sentences in effect when the amended statute became effective. The defendant's first contention is that this portion prescribes mandatory reduction of sentences, and that the Legislature in enacting such legislation intended that the courts must grant credit even where the sentences were in effect on the effective

date of the statute. He argues that the word "may" in the clause "may be reduced in a like manner" means "must" and that, therefore, the trial justice was compelled to reduce defendant's sentence by the time spent awaiting trial and sentencing. We do not agree with defendant's interpretation of the language in question.

We are convinced from a reading of §12-19-2, that there is no ambiguity in the meaning of the statute. The use of the word "may" in the clause in question clearly connotes discretionary, not mandatory action. Had the General Assembly intended to compel the courts to reduce sentences, as defendant argues, they would have used appropriate language to carry out such intent. This is borne out by the manner in which the words "shall" and "may" are used in the act.

In any event, even if the language in question were ambiguous, we would interpret it as permissive rather than mandatory. The sentence in a criminal case is an essential part of a judicial judgment. *State* v. *Garnetto,* 75 R. I. 86, 63 A.2d 777. If the pertinent language were intended by the Legislature to be mandatory, the result would be a legislative revision of sentences previously imposed by a court. Such an attempt on the part of the General Assembly to alter a judicial judgment would amount to an unconstitutional exercise of judicial power. *Opinion to the Governor,* 91 R. I. 187, 162 A.2d 814. As this court said in *State* v. *Garnetto, supra,* at 92-93, 63 A.2d at 780:

> " * * * the passage of a mandatory act directing and compelling a court to quash a sentence previously imposed would amount in effect to a reversal of the court's pronounced judgment. Such an act would be an indirect exercise of judicial power by the general assembly over the judgment and records of the court."

We are convinced that the principle of law applied in *State* v. *Garnetto, supra,* is equally applicable here, even

though the former involved the quashing of a sentence previously imposed, and the case at bar involves the reduction of a previously imposed sentence. Thus, even assuming that the language in question were ambiguous, we would adopt the construction that would avoid unconstitutionality, and find that the statute is permissive, rather than mandatory. *Opinion to the Governor, supra.*

Thus, we are faced with a statute under which the "defendant may be a beneficiary of the legislature's benevolence." *State* v. *Winston,* 105 R. I. 447, n.2 at 455, 252 A.2d 354, n.2 at 358-59. So construed we perceive no constitutional obstacle. The Legislature is neither directly nor indirectly attempting to exercise the judicial power. It is merely giving to the court which originally imposed the sentence the limited authority, in the exercise of its judicial discretion, to reduce that sentence by pretrial and presentence confinement time. The act authorizes the courts, not the Legislature, to exercise the judicial power.

In this posture the narrow question before us is whether, on this record, the denial of defendant's application constitutes an abuse of discretion. A preliminary question, however, is whether the record supports the finding of fact that the sentencing judge, in imposing the 25-year sentence, took into account the awaiting trial and sentence time. A careful reading of the entire record shows that there is nothing in the record which specifically or expressly indicates that the sentencing judge considered waiting time. The record before us includes a transcript of the hearing at which defendant was sentenced, but the transcript is silent on the issue of pretrial and presentence incarceration. Nor is there anything about this matter in the presentence report, on the jacket entry of the indictment, or in the statements of the sentencing judge. It is true that just before imposing sentence the trial judge said:

"I wish I could extend on this last day of my activity of life on the bench, extend a lenient hand, but at least I will do it, but not perhaps as you would like it. I am going to give him twenty-five years. That will give him a chance to think it over * * *."

We do not believe that these statements are sufficient to support an inference that in imposing sentence the judge took into account the time defendant was confined while awaiting trial and sentence. In our judgment, such an inference would not be a reasonable one. We conclude, therefore, that the finding that the sentencing judge took into account the awaiting trial and sentence time is not supported by the record.

This brings us to the final question whether, in the circumstances, the trial justice abused his discretion in denying defendant's application, notwithstanding the fact that the record is silent on the question whether the sentencing judge took the presentence and pretrial confinement into account. Even though the record fails to show that the sentencing judge took such time into account, it does not follow that the justice before whom the application is heard is compelled under the statute to grant the application. As we have already stated, the portion of the statute involved here is permissive and impliedly vests the trial justice with judicial discretion to consider the whole picture before him at the time the application is made.

Since we have concluded that the record does not support the finding of the trial justice that the sentencing judge gave the defendant the benefit of the statute, we believe the interests of justice will be served by remanding this matter to the Superior Court for a rehearing of the application in accordance with this opinion so that we may have the benefit of the trial justice's reasoning, if he decides to deny the application. We, therefore, remand the record accordingly, but retain jurisdiction here for further consideration if that becomes necessary.

It is so ordered.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Arthur W. Murphy,* Special Asst. Attorney General, for plaintiff.

*James Cardono,* Public Defender, *Eugene F. Toro,* Asst. Public Defender, for defendant.