290 A.2d 603.

STEPHEN A. HAZARD *vs.* FRANCIS A. HOWARD, *Warden.*

MAY 12, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

108

PAOLINO, J. This petition for a writ of habeas corpus was brought by the petitioner, who is presently incarcerated at the Adult Correctional Institutions.[1] He claims that he is being unlawfully deprived of his liberty as an alleged violator of a deferred sentence agreement and accordingly prays for his immediate release.

The pertinent facts are as follows. In April of 1969 petitioner was indicted for entering a dwelling with intent to commit larceny. In November of 1969, after his motion to suppress had been denied, petitioner changed his plea from not guilty to nolo and was then placed on a deferred sentence.

On October 1, 1970, petitioner was arraigned in the Fourth Division of the District Court on a complaint and warrant charging him with attempted burglary in violation of G.L. 1956 (1969 Reenactment) §11-8-1. He pleaded not guilty. On October 6, 1970, he was presented to the Superior Court as a violator of his deferred sentence agreement and a hearing was held to determine whether he had violated that agreement. After the hearing, at which facts involving the attempted burglary were presented, the trial justice found as a fact that Hazard had violated the terms of his deferred sentence agreement, "in that he attempted to commit burglary." It is clear that the trial justice based

[1]The petitioner is here on habeas corpus. This petition was filed prior to our decision in *Charest v. Howard*, 109 R. I. 360, 285 A.2d 381 (1972), where we held that after the date of the filing of our opinion in that case the method of appeal in cases such as this would be by way of bill of exceptions except in unusual cases.

his finding of a violation entirely on the alleged attempted burglary and nothing else. On October 19, 1970, petitioner was brought before the Superior Court and the sentence previously deferred was imposed and he was sentenced to 10 years at the Adult Correctional Institutions.

On October 21, 1970, petitioner again. appeared in the District Court where he admitted sufficient evidence, waived preliminary hearing and was bound over to the Grand Jury. On January 4, 1971, the Grand Jury returned a no true bill on the crime for which petitioner was bound over from the District Court.

On January 6, 1971, petitioner filed a motion in the Superior Court to vacate the sentence imposed upon him for violation of the deferred sentence agreement. After the hearing on March 16, 1971, the Superior Court denied this motion. The petitioner then filed the instant petition for habeas wherein he alleges that he is entitled to the relief he seeks by virtue of the provisions of G.L. 1956 (1969 Reenactment) §12-19-18, which reads as follows:

> "Termination of imprisonment on deferred sentence on failure of grand jury to indict.—Whenever any person shall have been sentenced to imprisonment for violation of a deferred sentence by reason of the alleged commission of a felony, and the grand jury shall have failed to return any indictment on the charge which was specifically alleged to have constituted the violation of said deferred sentence, the sentence to imprisonment for the alleged violation of the deferred sentence shall, on motion made to the court on behalf of the person so sentenced, be quashed and imprisonment thereunder shall be terminated forthwith and the deferred sentence shall have same force and effect as if no sentence to imprisonment had been imposed thereunder."

On the other hand, the state argues strenuously that §12-19-18 is unconstitutional under *State* v. *Garnetto*, 75 R. I. 86, 63 A.2d 777 (1949), as an unlawful exercise of judicial

110

power by the General Assembly. In *Garnetto* the defendant entered into a deferred sentence agreement in 1942, and he was held to be in violation thereof in 1946. Public Laws 1948, ch. 2085, sec. 1 (now §12-19-18) was not enacted until 1948. The facts in *Garnetto* are materially different from those in the case at bar.

In the instant case we must face the issue which was stated but neither reached nor determined in *State* v. *Plante*, 109 R. I. 371, 285 A.2d 395 (1972), namely, whether, conceding that §12-19-18 is constitutionally invalid when considered in connection with deferred sentence agreements entered into prior to its enactment, it necessarily follows that it is also invalid as to deferred sentence agreements entered into subsequent to the enactment of the statute. Notwithstanding the state's argument to the contrary, we are convinced that *Garnetto* was decided on its own facts and that it stands for the proposition that §12-19-18 is unconstitutional insofar as deferred sentence agreements executed prior to its enactment are concerned. That decision does not have the broad sweep for which the state argues. In our judgment the court's statement in *Garnetto* that

> "In our opinion the passage of a mandatory act directing and compelling a court to quash a sentence previously imposed would amount in effect to a reversal of the court's pronounced judgment." *Garnetto, supra* at 92-93, 63 A.2d at 780.

applies to the facts in *Garnetto*, where the act was enacted after the sentence had been "previously" imposed. The quoted language does not apply to the facts in the case at bar where the sentence was imposed after the enactment of §12-19-18.

The question remains whether §12-19-18 is constitutional as to deferred sentence agreements entered into subsequent to the enactment of that statute. We hold that it is.

The deferment of sentences for five years is legislative *

in origin. *See* G. L. 1956 (1969 Reenactment) §12-19-19, and history of section as therein annotated. *See Orabona* v. *Linscott,* 49 R. I. 443, 446, 144 A. 52, 53 (1928). As the court pointed out in *State* v. *Robalewski,* 96 R. I. 296, 299, 191 A.2d 148, 150 (1963), §12-19-19 is a remedial statute which obviously confers a benefit upon the accused. It is a statute of grace. *See State* v. *Plante,* 109 R. I. 371, 377-78, 285 A.2d 395, 398 (1972). Section 12-19-18, when considered in connection with deferred sentence agreements executed and sentences imposed after *its* enactment does not amount to a reversal of a court's pronounced judgment and is not an indirect exercise of judicial power by the General Assembly over the judgment and records of the court. The statute merely liberalizes, prospectively, the provisions of the deferred sentence statute (§12-19-19) in favor of the accused. We have no doubt of the General Assembly's power to do so. It has the power to define criminal offenses, to prescribe sentences for the violation thereof, and to provide for the imposition of such sentences and the methods of applying same. Section 12-19-18 provides in effect that all deferred sentence agreements entered into under §12-19-19 after the enactment of §12-19-18 shall be subject to the mandate of §12-19-18. Accordingly we hold that §12-19-18, as far as it affects deferred sentence agreements entered into subsequent to the enactment of that statute, is valid.

Nothing we said in *State* v. *Taylor,* 108 R. I. 114, 272 A.2d 680 (1971) is of any help to the state's argument here and that case requires no further discussion here other than to point out that the defendant in *Taylor* had also been sentenced prior to the enactment of the statute involved in that case.

The policy questions raised by the state, and the question whether this statute is wise or unwise, are not for this court to determine. Those questions would better be ad-

dressed to the General Assembly which, under our system of government, is charged with the duty and responsibility of passing on the wisdom of such legislation.

This brings us to the question whether the three conditions referred to in *State* v. *Plante, supra,* as conditions precedent to the application of §12-19-18 have been met. In *Plante,* we said that three conditions must be satisfied before the statute has application. These are:

(1) that the accused was charged with a specific felony, which charge was referred to the grand jury;

(2) that the grand jury failed to indict; and,

(3) that the presenting of the accused as being in violation of his deferred sentence agreement was predicated exclusively on the ground that he had committed the specific offense for which the grand jury failed to indict. *State* v. *Plante, supra* at 377, 285 A.2d at 398.

We have read the transcripts of the three hearings in the Superior Court, namely, the October 6, 1970, the October 19, 1970, and the March 16, 1971 hearings and are satisfied that the *Plante* conditions have been met. The petitioner was charged with a specific felony, namely, attempted burglary. As the state sets forth in its brief, "a no true bill was returned on the crime for which the petitioner was bound over from district court." In other words the Grand Jury failed to indict. Finally, the following statements of the trial justice establish that the third condition has been satisfied. At pages 89 and 90 of the transcript of the October 6, 1970 hearing the trial justice spoke, in part, as follows:

"In the Court's judgment, the evidence proved this Defendant was upon the property of Mr. Masterandrea and attempted to burglarize a house * * *. The evidence is overwhelming. In my judgment there was an attempted burglary and he is the man. * * * I find as a matter of fact that Steven Hazard violated the terms of his deferred sentence set by the Attorney General in that he attempted to commit burglary. On this the Court finds that he is a violator."

And at pages 6 and 7 of the transcript of the October 19, 1970 hearing the trial justice said:

> "There's no doubt in my mind that this man is guilty of the crime of attempted breaking and entering and there was nothing in the case to indicate that he was so drunk that he didn't know what he was doing."

The petition for a writ of habeas corpus is granted. The 10-year sentence imposed on October 19, 1970, is quashed and imprisonment thereunder is terminated forthwith, and the deferred sentence imposed in November 1969 shall have the same force and effect as if no sentence to imprisonment had been imposed thereunder.

*Israel Moses,* for petitioner.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for respondent.