544

304 A.2d 902.

STATE *vs.* LOUIS DiFRAIA.

MAY 25, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

KELLEHER, J.   On September 30, 1952, Louis DiFraia, armed with a rifle, walked into an East Providence bank. He fired a shot into the woodwork, and robbed the bank of some $50,000.   He was pursued and apprehended after a bullet-punctuated automobile chase that ended in a prolonged gun battle in Pawtucket.   All the time he was under fire in Pawtucket, DiFraia held two women as hostages.   A Pawtucket police officer was killed during the shoot out and a Providence police officer was wounded when he sought to capture DiFraia as he sped through Providence.

Later, five indictments were returned against DiFraia. Three indictments charged him respectively with murder, robbery, and assault with intent to kill.   The other two indictments referred to the hostages and each contained a charge of assault with a dangerous weapon.   In September, 1952, DiFraia was an escapee from the Rhode Island state mental hospital.   He had a history of hospitalization both

in Rhode Island and Massachusetts for the treatment of mental illness. After his apprehension, the Superior Court authorized the transfer of DiFraia from state prison to the state mental hospital where it was determined that he was not competent to stand trial. Ultimately, in March, 1966, DiFraia was adjudged ready to stand trial.

Trial was held on the robbery indictment. The jury returned a guilty verdict and on June 9, 1966, DiFraia received a 25-year sentence. His appeal to this court was denied. *State* v. *DiFraia*, 105 R. I. 169, 250 A.2d 358 (1969). Later, in May, 1971, a Superior Court jury returned a not guilty verdict in the case involving the murder charge. Subsequently, in January, 1972, DiFraia pleaded guilty to the charges contained in the three remaining indictments.

He received a 20-year sentence on the assault with intent to kill charge, and a 10-year sentence on one of the indictments charging an assault with a dangerous weapon. Both of these sentences were to run consecutively. In each of these cases, DiFraia was given credit for awaiting-trial time as provided by G. L. 1956 (1969 Reenactment) §12-19-2. The remaining assault indictment was disposed of by the imposition of a five-year suspended sentence with probation for 10 years. The probationary period does not begin to run until the expiration of the 20 and 10-year sentences.

Sometime in May, 1972, DiFraia returned before the justice who had imposed the 25-year sentence in the robbery indictment and asked that he be credited with the nearly 14 years he spent awaiting trial on the robbery indictment. The trial justice denied DiFraia's application. This denial is the subject of the present appeal.

The crediting of awaiting-trial time on sentences imposed prior to the May 22, 1968 effective date of §12-19-2 is a discretionary matter for the sentencing court. *State* v. *Taylor*, 108 R. I. 114, 272 A.2d 680 (1971). Here, the

justice who sentenced DiFraia in June, 1966 heard his application for credit. This justice, in his 1972 consideration of DiFraia's application, stated in no uncertain terms that, when he imposed the 25-year term in 1966, he had indeed considered DiFraia's pretrial confinement. The potential punishment for robbery is life imprisonment. There was no abuse of discretion.

The defendant's appeal is denied and dismissed.

Mr. Justice Joslin did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Joseph M. Hall,* Asst. Public Defender, for defendant.