313 A.2d 646.

STATE *vs.* JOSEPH A. MARFEO.

JANUARY 7, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. On July 11, 1969, an indictment was returned by the grand jury charging the defendant with breaking and entering with intent to commit larceny. On September 5, 1969, the defendant received a deferred sentence on the indictment.

On March 19, 1971, defendant was charged by the Providence police with breaking and entering in the daytime with intent to commit larceny. On April 14, 1971, defendant appeared before a justice of the Superior Court and was adjudged to be a deferred sentence violator, and on May 5, 1971 was sentenced to six years at the Adult Correctional Institutions as a deferred sentence violator. Subsequently the grand jury returned a no true bill against defendant on the alleged offense of March 19, 1971. In other words, the grand jury refused to indict defendant.

The defendant, on March 18, 1972, filed a motion to quash the six-year sentence and terminate imprisonment at the Adult Correctional Institutions. On May 12, 1972, defendant's motion to quash the sentence was denied. The case is before us on defendant's bill of exception to the denial of his motion to quash the sentence and terminate his six-year imprisonment at the Adult Correctional Institutions. After filing his bill of exception, defendant filed a petition for habeas corpus to fix bail pending the prosecution of his bill of exception. That petition was denied and

dismissed by this court on October 5, 1972. *State* v. *Marfeo,* 110 R. I. 926, 295 A.2d 424 (1972).

The defendant contends that the trial justice erred when he denied his motion to vacate the sentence imposed upon him as a deferred sentence violator and asserts G. L. 1956 (1969 Reenactment) §12-19-18 as the basis for his contention.[1]

In order for the statute as cited by defendant to have application it is necessary that three conditions be satisfied. They are:

1. that the accused was charged with a specific felony, which charge was referred to the grand jury;
2. that the grand jury failed to indict; and
3. that the presenting of the accused as being in violation of the deferred sentence agreement was predicated exclusively on the ground that he had committed the specific offense for which the grand jury failed to indict.

*Hazard* v. *Howard,* 110 R. I. 107, 290 A.2d 603 (1972); *State* v. *Plante,* 109 R. I. 371, 285 A.2d 395 (1972).

The state, disputing defendant's contention, argues that defendant's imprisonment should not be terminated. It states that the violation of defendant was not based exclusively on the specific offense for which the grand jury failed

---

[1] General Laws 1956 (1969 Reenactment) §12-19-18 reads as follows:

"Termination of imprisonment on deferred sentence on failure of grand jury to indict.—Whenever any person shall have been sentenced to imprisonment for violation of a deferred sentence by reason of the alleged commission of a felony, and the grand jury shall have failed to return any indictment on the charge which was specifically alleged to have constituted the violation of said deferred sentence, the sentence to imprisonment for the alleged violation of the deferred sentence shall, on motion made to the court on behalf of the person so sentenced, be quashed and imprisonment thereunder shall be terminated forthwith and the deferred sentence shall have same force and effect as if no sentence to imprisonment had been imposed thereunder."

to indict, and that therefore, lacking a necessary condition, §12-19-18 could not be applied in this case. The state argues that reference by the trial justice to defendant's involvement with drugs, and also his allusion to a psychiatric evaluation of defendant, establishes that defendant was not violated solely on the specific alleged incident presented to the grand jury and on which it failed to indict defendant.

We have read the transcript of the violation hearing and are persuaded that the conditions required by *Hazard* and *Plante,* both *supra,* have been met. It is true as argued by the state that the trial justice made reference to the drug problem of defendant and to the psychiatric evaluation of defendant by Dr. Herbert Myers. At first glance it would appear that these references would be sufficient for us to conclude that the condition requiring that the accused had been violated on the basic charge for which the grand jury failed to indict had not been met. However, a closer examination of the transcript establishes that these statements by the trial justice were made not at the hearing when defendant was adjudged a deferred sentence violator on April 14, 1971, but on May 5, 1971, the date on which defendant was sentenced as a violator to six years at the Adult Correctional Institutions.

The defendant's motion to vacate the six-year sentence was heard before a Superior Court justice other than the one who presided at the violation and the sentencing hearings and he found after reading the transcript of the violation hearing, and also of the hearing at which sentence was imposed, that consideration was given to factors other than the specific alleged offense for which defendant was indicted, resulting in defendant being sentenced and incarcerated.

The trial justice at the hearing to vacate the sentence misconceived the evidence since the transcript fails to reveal any evidence at the violation hearing, except evidence

which was directly connected with the alleged incident on March 19, 1971, for which the grand jury failed to indict the defendant. Any evidence indicating other reasons for violating the defendant are contained in the transcript of May 5, 1971 and cannot possibly be considered as being a basis for violating the defendant on April 14, 1971.

The trial justice, therefore, committed error when he found that there were grounds other than the specific incident for which the grand jury failed to indict the defendant. The exception of the defendant to the denial of his motion to quash the sentence is sustained. The six-year sentence imposed on May 5, 1971 is quashed, imprisonment thereunder is terminated forthwith, and the deferred sentence imposed on September 5, 1969, shall have the same force and effect as if no sentence to imprisonment had been imposed thereunder.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Bevilacqua & Cicilline,* for defendant.