**Francisco SOSA**

v.

**STATE of Rhode Island.**

**No. 2007–177–Appeal.**

Supreme Court of Rhode Island.

June 23, 2008.

---

Susan B. Iannitelli, for Plaintiff.

Aaron Weisman, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice GOLDBERG, for the Court.

The applicant, Francisco Sosa (applicant or Sosa), appeals from the Superior Court's denial of his application for postconviction relief. This case came before the Supreme Court on March 31, 2008, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Accordingly, we shall decide the appeal without further briefing or argument. We affirm the judgment of the Superior Court.

The underlying facts of this case are set forth in *State v. Sosa*, 839 A.2d 519 (R.I. 2003), in which this Court affirmed applicant's conviction for first-degree murder. The trial justice imposed a mandatory sentence of life imprisonment and a ten-year concurrent sentence for possession of a firearm without a license.

The applicant filed a *pro se* application for postconviction relief on February 14, 2007, alleging that his due-process rights were violated because the mandatory life sentence that was imposed under G.L.1956 § 11–23–2 [1] was part of a "faulty sentenc-

---

1. General Laws 1956 § 11–23–2 provides:

"Every person guilty of murder in the first degree shall be imprisoned for life. Every person guilty of murder in the first degree: (1) committed intentionally while engaged in the commission of another capital offense or other felony for which life imprisonment may be imposed; (2) committed in a manner creating a great risk of death to more than one person by means of a weapon or device or substance which would normally be hazardous to the life of more than one person; (3) committed at the direction of another person in return for money or any other thing of monetary value from that person; (4) committed in a manner involving torture or an aggravated battery to the victim; (5) committed against any member of the judiciary, law enforcement officer, corrections employee, assistant attorney general or special assistant attorney general, or firefighter arising from the lawful performance of his or her official duties; (6) committed by a person who at the time of the murder was committed to confinement in the adult correctional institutions or the state reformatory for women upon conviction of a felony; or (7) commit-

ing hearing" in violation of the separation of powers guarantees of the United States and Rhode Island Constitutions. The applicant argued that the mandatory sentencing scheme adopted by the Legislature encroached upon the judiciary's sentencing discretion such that the statute was unconstitutional.

The State of Rhode Island (state) filed a motion to dismiss, contending that § 11–23–2 did not violate the separation of powers doctrine. On April 19, 2007, the trial justice entered an order granting the motion to dismiss, finding that "[t]he United States and the Rhode Island Supreme Courts have clearly stated that the legislative branch is the proper body of government to prescribe appropriate punishments for criminal offenses." Sosa filed a notice of appeal, and before this Court he continues to argue that § 11–23–2 is unconstitutional and also that he was not afforded an opportunity to present his postconviction-relief argument to the trial court.[2]

"This Court has declared that postconviction relief, as provided in G.L.1956 chapter 9.1 of title 10, 'is a remedy available to any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires vacation of the conviction in the interest of justice.'" *Pierce v. Wall*, 941 A.2d 189, 192 (R.I.2008) (quoting *Gonder v. State*, 935 A.2d 82, 84 (R.I.2007)). When reviewing a decision granting or denying postconviction relief, we refrain from dis-

turbing a hearing justice's factual findings "absent clear error or a showing that the hearing justice overlooked or misconceived material evidence or was otherwise clearly wrong." *Id.* (citing *Gonder*, 935 A.2d at 85). However, this Court reviews questions of fact concerning infringement of constitutional rights, and mixed questions of law and fact with constitutional implications, *de novo. Id.*

The question presented in this case—whether a consecutive, mandatory life sentence for using a firearm while committing a crime of violence resulting in death violated article 5 of the Rhode Island Constitution—has been decided by this Court. In *State v. Monteiro*, 924 A.2d 784 (R.I.2007), we rejected the contention that the Legislature, by enacting this sentencing scheme, "usurped the judicial power by depriving the trial justice of his or her sentencing discretion." *Id.* at 793. We consistently have declared that "it is the prerogative of the General Assembly to define criminal offenses and set forth the sentences for those crimes and that when it does so, the Legislature is not intruding upon the judicial function." *Id.* (citing *Hazard v. Howard*, 110 R.I. 107, 111, 290 A.2d 603, 606 (1972)). It is well settled that although the General Assembly constitutionally is prohibited from encroaching upon the judicial power, it is vested with the authority to both define criminal offenses and to set the appropriate punishments. *Id.* at 793–94. In recognizing this legislative prerogative, this Court has declined to "substitute our will for that of a body democratically elected

---

ted during the course of the perpetration or attempted perpetration of felony manufacture, sale, delivery or other distribution of a controlled substance otherwise prohibited by the provisions of chapter 28 of title 21; shall be imprisoned for life and if ordered by the court pursuant to chapter 19.2 of title 12 that person shall not be eligible for

parole from imprisonment. Every person guilty of murder in the second degree shall be imprisoned for not less than ten (10) years and may be imprisoned for life."

2. Although Sosa filed a *pro se* brief, he was represented by counsel before this Court.

by the citizens of this state[.]" *Id.* at 794 (quoting *State v. Feliciano,* 901 A.2d 631, 648 (R.I.2006)).

In addition, we have noted that the United States Supreme Court has determined that "[l]egislatures, not courts, prescribe the scope of punishments." *Monteiro,* 924 A.2d at 794 (quoting *Missouri v. Hunter,* 459 U.S. 359, 368, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983)). The case before us is controlled by our holding in *Monteiro,* and in accordance with our pronouncement in that case, the mandatory sentence imposed for first-degree murder was lawful.

■■■ Finally, we are of the opinion that the summary dismissal of this case by the trial justice was appropriate, as provided for in G.L.1956 § 10–9.1–6(b).[3] We previously have determined that § 10–9.1–6 does not require an evidentiary hearing, but that an applicant must be provided with an "opportunity to reply to the court's proposed dismissal." *Corners v. State,* 922

A.2d 176, 176 (R.I.2007) (mem.) (quoting *State v. Frazar,* 776 A.2d 1062, 1064 (R.I. 2001) (mem.)). In this case, the question before the hearing justice was a question of law. Sosa was afforded an opportunity to respond to the state's motion to dismiss,[4] and he filed a memorandum supporting his application for postconviction relief that the trial justice addressed.[5] The trial justice considered Sosa's argument, "perceive[d] no constitutional infirmity in the subject statute[,]" and summarily dismissed the application. This was all the process that Sosa was due.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court, to which we return the papers in this case.

3. General Laws 1956 § 10–9.1–6(b) states:
    "When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a genuine issue of material fact."

4. We also note that applicant failed to provide a copy of the trial court transcript, so we are

constrained in our review of the record. We consistently have declared that "[t]he deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business." *731 Airport Associates, LP v. H & M Realty Associates, LLC,* 799 A.2d 279, 282 (R.I.2002). "Unless the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the findings of the trial justice as correct, the appeal must fail." *Id.*

5. The applicant also filed a memorandum objecting to the state's memorandum supporting its motion to dismiss after the trial justice issued an order dismissing the application for postconviction relief, but before judgment was entered.