**Robert W. KNIGHT, Plaintiff, Appellee,**

v.

**The TOWN OF GLOCESTER, etc., et al., Defendants, Appellants.**

No. 86–2129.

United States Court of Appeals, First Circuit.

Argued Sept. 10, 1987.

Decided Oct. 16, 1987.

Robert G. Flanders, Jr., with whom Flanders & Medeiros Inc., James T. Murphy, Margaret L. O'Hara and Hanson, Curran & Parks, Providence, R.I., were on brief, for defendants, appellants.

Charles Cavas with whom William A. Poore and Hodosh, Spinella & Angelone, Providence, R.I., were on brief, for plaintiff, appellee.

Before CAMPBELL, Chief Judge, GARTH,* Senior Circuit Judge, and BOWNES, Circuit Judge.

---

* Of the Third Circuit, sitting by designation.

BOWNES, Circuit Judge.

This case involves an attempt by the district court to cut through a Gordian knot of statutory regulations in which plaintiff-appellee Robert Knight was entangled. Unfortunately, the cutting of the knot also severed some basic legal principles.

Plaintiff was discharged from the Glocester, Rhode Island, Police Department because he could not attain the status of a certified police officer under the pertinent Rhode Island statute. Knight brought suit in federal court alleging jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (violation of civil rights). The gravamen of the complaint is that he had an express or implied contract of employment with the town as a police officer and that he was discharged without cause and in violation of his constitutional right to due process of law.

The only issue on appeal is whether the district court's order "directing the town to take all reasonable steps to enroll Officer Knight in the Police Academy" can stand. We find that it cannot.

*The Facts*

Plaintiff started his police career in 1972 as a volunteer constable appointed by the Town Council. He was appointed a permanent part-time patrolman in March of 1975. In November of 1976, he was promoted to sergeant as a part-time officer. Plaintiff became a full-time police officer in June of 1980.

Rhode Island General Laws § 42–28–29 (1984 & Supp.1986) provides:

**Sponsorship of school candidates by city or town.**—Candidates meeting the physical, mental and educational requirements of this chapter shall be admitted to the school only upon the request of the appointing authority in the city or town of which the prospective candidate is a resident, and every such application by the appointing authority shall be accompanied by a statement that the candidate has prospects, within the reasonable future, of a permanent appointment to the police force of the city or town sponsoring him; provided, however, that any member of any police department of any city or town accepting the provisions of §§ 42–28–25 to 42–28–31, inclusive, shall be eligible for training and retraining in the school.

The next section provides:

**42–28–30. Certificate of completion of training course.**—Upon the satisfactory completion of the prescribed course of training the superintendent shall issue to each candidate a certificate of merit and shall forward to the appointing authority certification of the candidate's qualifications for appointment.

Both plaintiff and the town officials understood that these statutory provisions meant that Knight had to complete a training course at a municipal police training school. *See* R.I. Gen.Laws § 42–28–25. Plaintiff submitted an application to the Rhode Island Municipal Police Academy in August, 1981. The application was rejected in part because the Town, by appointing Knight a permanent officer before he went to the Academy, had waived its right to send him. Additionally, Knight failed to get a chest X-ray properly and no age-limit waiver had been obtained from the Town.

Plaintiff reapplied on November 1, 1981, under the aegis of a newly appointed Police Chief, Richard B. Tooher. The Chief endorsed the application and requested a waiver of the age requirement. This application was also rejected; the reasons for the rejection were excluded as hearsay. Chief Tooher then tried unsuccessfully to get plaintiff admitted to the City of Providence Police Academy.

The Chief then had plaintiff submit a third application to the Rhode Island Municipal Police Academy. The Chief communicated with the executive director of the Academy and its commission on Standards and Training in aid of plaintiff's application. Plaintiff failed the first three portions of the physical agility test, a prerequisite for admission to the Academy. He left the test site without trying to complete the balance of the test and informed the Academy director that he would not take another test.

Because plaintiff was not a certified police officer, he could not sign arrest and search warrants. Plaintiff was supended from his duties with pay and benefits on February 4, 1985. After suspension, Chief Tooher and the Town Solicitor requested that the Academy waive its physical agility test requirements for plaintiff. This request was rejected. The Town Solicitor tried to get plaintiff admitted to the Providence Police Academy, but with no success.

The Chief decided that plaintiff should be dismissed from the police force because he could not be admitted to a municipal police training school and become a certified police officer. A letter recommending his discharge was delivered to plaintiff on February 19, 1985. Plaintiff asked for a hearing under the Rhode Island Law Enforcement Officers' Bill of Rights. R.I.Gen. Laws § 42–28.6–1 to .6–15. The hearing committee ruled that because plaintiff was not a certified permanent police officer, he was not entitled to a hearing on the merits. Plaintiff appealed this ruling to the Rhode Island Superior Court pursuant to R.I.Gen. Laws § 42–28.6–12. That appeal is still pending. After unsuccessfully trying to file a grievance under the collective bargaining agreement, plaintiff commenced this action in federal court. It is agreed that plaintiff had an exemplary record as a police officer.

*The District Court's Findings and Rulings*

The court found, as a matter of law, that plaintiff "had no expectation of permanent employment by the Town of Glocester." This ruling meant that there was no basis for the civil rights action. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Chongris v. Board of Appeals of Town of Andover*, 811 F.2d 36, 43 (1st Cir.1987); *Lovelace v. Southeastern Massachusetts University*, 793 F.2d 419, 421 (1st Cir.1986). Plaintiff did not appeal this ruling.

The court then went on to state:

It is perfectly clear to me, however, that the plaintiff has applied for equitable relief; and it is perfectly clear to me that this plaintiff has not been fairly treated in these circumstances, that fairness and equity require that the town do something to seek to remedy the situation.... I'm going to enter an order directing the town to take all reasonable steps to enroll Officer Knight in the police academy.

*Equity and The Law*

Although we can understand why the court attempted to find a way out of this Catch 22 situation, its solution is proscribed by the rule that equity must follow the law. "But courts can intervene only where legal rights are invaded or the law violated." *Chapman v. Sheridan-Wyoming Co.*, 338 U.S. 621, 631, 70 S.Ct. 392, 397, 94 L.Ed. 393 (1950). "Generally [equity's] jurisdiction depends upon legal obligations, and its decrees can only enforce remedies to the extent and in the mode by law established." *Rees v. City of Watertown*, 86 U.S. (19 Wall.) 107, 121, 22 L.Ed. 72 (1873). The principle that equity follows the law has long been recognized in Rhode Island.

The maxims, that every right has a remedy, and that where the law does not give redress equity will afford relief, however just in theory, are subordinate to positive institutions, and cannot be applied either to subvert established rules of law, or to give the courts a jurisdiction hitherto unknown.

*Greene v. Keene*, 14 R.I. 388, 395 (1884).

Moreover, it would appear that the Town had made reasonable efforts to get plaintiff admitted to a Municipal Police Academy. Finally, we note that plaintiff did not join the Academy as a party to this action.

Therefore, that portion of the order of the district court granting equitable relief to plaintiff is vacated. *So ordered.*

No costs on appeal.